UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CONNIE KENNEDY,  )
  )
   Plaintiff,  )
  )
vs.  )   Case No.   4:06CV1234 HEA
  )
BIG LOTS, et al.,  )
  )
   Defendants

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Remand, [Doc. 7]. Defendants oppose the motion. For the reasons set forth below, the motion is denied.

The procedural history of this matter is set out in the parties' briefs:

On March 10, 2004, plaintiff brought a personal injury action in the Circuit Court of the City of St. Louis against defendant Big Lots. Big Lots removed the case to this Court based on diversity of citizenship jurisdiction. Plaintiff dismissed this action.

On August 24, 2005, plaintiff filed this action in the Circuit Court of the City of St. Louis. Three additional defendants were added: two John Doe Defendants and Steven Watkins, the Big Lots store manager and a person believed to be a citizen of the State of Missouri. Big Lots removed the action on October 5, 2005, alleging that Watkins had been fraudulently joined to defeat diversity.

Plaintiff moved to remand the matter and argued that she had a plausible cause of action against Watkins as store manager. The Court agreed and this action was remanded to the Circuit Court.

Big Lots removed the case again on August 7, 2006. The basis for removal this time was that defendant Watkins is a citizen of Illinois, not Missouri as formerly believed, and therefore there was complete diversity between the parties.

Plaintiff now moves to remand again arguing that the removal was untimely.

Pursuant to 28 U.S.C. 1446(b),

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.
>     If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

At the time of the original removal, it was believed that defendant Watkins was a citizen of the State of Missouri. Defendant Big Lots discovered that he was a citizen of the State of Illinois in late July, 2006. Although plaintiff argues that the

latest date for removal was May 10, 2006, *i.e.*, thirty days after the April 10, 2006 discovery propounded by defendant, defendant has clarified the record by admitting that the discovery was mistakenly propounded on behalf of all defendants, including the "John Doe" defendants. The legitimacy of this mistake is bolstered by counsel's letter to plaintiff's attorney pointing out to counsel that defendant Watkins had not yet been served with the summons. There is no question that the discovery inadvertently listed all defendants and was clearly human error in that regard.

The salient question, therefore, is when did defendant Watkins know of the suit against him. Although plaintiff argues that he was well aware of this action during his deposition, as defendant points out, the deposition occurred when Watkins was a non-party to this litigation. Knowledge of the lawsuit as a witness does not impart on that person subsequent knowledge that he has been named as a defendant. It wasn't until Watkins received the certified copy of the petition that he knew he was named as a defendant.

Defendant has filed an affidavit wherein he avers that he is a "permanent resident" of the State of Illinois[1] and that he received the petition for the first time on August 7, 2006. Plaintiff argues, without support, that the affidavit is a "farce."

---

[1] Plaintiff does not dispute the fact that defendant Watkins is in fact a citizen of the State of Illinois. The requirement for this Court's jurisdiction is that the parties must be "citizens" of different states. Although the affidavit avers that defendant Watkins is a "permanent resident" of Illinois, the Court will infer, since there is no opposition to this by plaintiff, that defendant Watkins intended to aver that he is in fact a citizen of the State of Illinois.

The integrity of the judicial system requires that an affidavit, which has been sworn to under oath, be given the weight as any other sworn testimony and plaintiff's unsupported accusation as to the affidavit's veracity is insufficient for this Court to ignore it.

The second removal of this action was proper and timely. It was based on different grounds and was within thirty days from the date defendant Watkins became aware that he was a defendant in the action. The Court, therefore under 28 U.S.C. §1446(b) has diversity jurisdiction over this controversy.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand, [Doc. No.7], is denied.

Dated this 25th day of October, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE